IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KATIE F. WILSON )
 )
 v. ) NO. 3:06-0073
 )
STATE OF TENNESSEE, et al. )

TO:   Honorable Robert L. Echols, District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered February 1, 2006 (Docket Entry No. 3), the Court referred the above captioned action to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2) and for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure.

Plaintiff, acting pro se, filed[1] this civil action in forma pauperis under Title VII of the Civil Rights Act of 1964 alleging that she is being discriminated against in her workplace because of her race and in retaliation for her complaints about racial discrimination. Named as defendants are the State of Tennessee, the Department of Finance and Administration, the Bureau of TennCare, Dr. Walton Moore, and Pamela Bullard.

Pro se complaints are to be construed liberally. Haines v. Kerner, 404 U.S. 509 (1972). Under such a construction, Plaintiff states an arguable claim under Title VII. However, individual defendants cannot be found personally liable under Title VII. See Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997). Accordingly, her claims against Walton Moore and Pamela Bullard warrant dismissal for failure to state a claim.

---

[1] Although Plaintiff's complaint is file stamped with the date February 1, 2006, it was received by the Clerk's office on January 12, 2006.

Additionally, the Department of Finance and Administration and the Bureau of TennCare are both departments or agencies of the State of Tennessee. Accordingly, the State of Tennessee would be the only proper defendant for the Title VII claims.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that PROCESS ISSUE to Defendant State of Tennessee, but that all claims against defendants Walton Moore, Pamela Bullard, the Department of Finance and Administration, and the Bureau of TennCare be DISMISSED for lack of an arguable legal basis.

Upon the filing of Defendants' answer, the Magistrate Judge will enter a scheduling order to facilitate pre-trial activity in the action.

As some of Plaintiff's claims warrant dismissal under 28 U.S.C. § 1915(e)(2), the Court RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under 28 U.S.C. § 1915(a)(3).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge