IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KATIE F. WILSON )
 )
v. ) NO. 3:06-0073
 )
STATE OF TENNESSEE )

TO: Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By order entered February 1, 2006 (Docket Entry No. 3), the Court referred the above captioned action to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2) and for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending before the Court is the State of Tennessee's Motion to Dismiss (Docket Entry No. 10), to which Plaintiff has filed a response in opposition (Docket Entry No. 13), and Defendant has filed a reply (Docket Entry No. 19).

Set out below is the Court's recommendation for disposition of the motion.

## I. BACKGROUND

Plaintiff filed this civil action pro se and in forma pauperis under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.[1] She alleges that she is being discriminated against at her workplace, the Tennessee Department of Finance and Administration, because of her race and in retaliation for her complaints about racial discrimination and for filing a charge of discrimination.

---

[1] Although Plaintiff's complaint was file-stamped on February 1, 2006, it was received by the Clerk's office on January 12, 2006.

By Order entered August 30, 2006 (Docket Entry No. 5), the Court ordered that process issue to the State of Tennessee but dismissed the four other defendants[2] named in the complaint. Thereafter, Defendant filed an answer (Docket Entry No. 8).

Shortly after filing its answer, Defendant filed the pending motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Defendant asserts that Plaintiff's complaint does not contain sufficient factual allegations to show the elements of her Title VII claims of racial discrimination and retaliation. Specifically, Defendant contends that Plaintiff's factual allegations fail to show that she suffered an adverse employment action and that her employer treated her differently than similarly situated employees.

Plaintiff responded to the motion by making a filing (Docket Entry No. 13) styled as "Evidences of Discrimination and Retaliation of State Employee." Attached to her filing are several pages of documents which she contends support her claims.

## II. CONCLUSIONS

The general standard for review of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure requires the Court to accept as true all of Plaintiff's allegations and resolve all doubts in Plaintiff's favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, Plaintiff must provide the grounds for her entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The factual allegations supplied must be enough to show a plausible right to relief. 127 S.Ct. at 1965-68. More than bare assertions of legal conclusions are required to withstand a motion

---

[2] The four defendants were the Department of Finance and Administration, the Bureau of TennCare, Dr. Walton Moore, and Pamela Bullard.

to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).

Defendant argues that Plaintiff's complaint fails to allege facts which, even if taken as true, are sufficient to satisfy her burden of establishing a prima facie case under Title VII for either a claim of discrimination or retaliation. Defendant's motion should be denied because Defendant's argument has been expressly disapproved by the United States Supreme Court.

In order to plead a claim for relief under Title VII, Plaintiff is not required to plead facts sufficient to show a prima facie case of discrimination under the burden shifting analysis set out in McDonnell Douglas Corp v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 511-12, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Harris v. Metropolitan Government of Nashville and Davidson County, 2005 WL 3143973 (M.D. Tenn. November 23, 2005) (Echols, J.).

As the Supreme Court stated in Swierkiewicz, "[t]he prima facie case under McDonnell Douglas ... is an evidentiary standard, not a pleading standard." Swierkiewicz, 534 U.S. at 510. Consequently, a heightened pleading standard does not apply to evaluating the sufficiency of a Title VII Complaint; instead, "the ordinary pleading rules for assessing the sufficiency of a complaint apply." Swierkiewicz, 534 U.S. at 511.[3]

Rule 8(a) of the Federal Rules of Civil Procedure sets out these ordinary pleading rules. Id. Under Rule 8(a)(2), a complaint must contain a short and plain statement of the claim upon which relief may be granted. Swierkiewicz, 534 U.S. at 512.

Measured under this standard, Plaintiff's pro se complaint states a claim for relief under Title VII. The complaint contains factual allegations which are sufficient to fairly alert Defendant of the grounds for her Title VII claims. Specifically, Plaintiff alleges that her job duties have been

---

[3] The United States Supreme Court specifically held that its ruling in Bell Atlantic v. Twombly, 550 U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), did not affect its prior ruling in Swierkiewicz. Bell Atlantic, 127 S.Ct. at 1973-74.

3

removed, that she has been assigned to two positions without compensation, and that she was subjected to job requirements that did not apply to other staff members. Although these allegations may ultimately be proven to be either untrue or unsupported by evidence which is sufficient to defeat a motion for summary judgment which challenges the merits of Plaintiff's claims, the allegations set out in the complaint provide all the notice Rule 8(a)(2) requires. See Swierkiewicz, 534 U.S. at 512.

## R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that Defendant's Motion to Dismiss (Docket Entry No. 10) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                                           Respectfully submitted,

                                                           JULIET GRIFFIN
                                                           United States Magistrate Judge